IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES PALMER,

          Plaintiff,

v.                                       CIVIL ACTION NO. 3:23-0474

STEEL OF WEST VIRGINIA, INC. and
CLAY'S PERFORMANCE CONSTRUCTION, LLC,

          Defendants.

## MEMORANDUM OPINION & ORDER

Pending is the Partial Motion to Dismiss on Behalf of Defendant SWVA, Inc., Incorrectly Identified in the Complaint as Steel of West Virginia, Inc. ECF No. 9. For the reasons that follow, Defendant's motion is **GRANTED**.

## BACKGROUND

Plaintiff's Complaint alleges that he was employed by SWVA as an electrician on July 8, 2021, when he was seriously injured at work. *See* Compl. ¶¶ 15–46. Following his injury, Plaintiff "availed himself of the West Virginia Workers' Compensation system." *Id.* at ¶ 47.

Plaintiff further alleges that

> [o]n or about February 21, 2023, as a result of Mr. Palmer availing himself of his rights under the West Virginia Workers' Compensation system, Defendant Steel of West Virginia, Inc. terminated Mr. Palmer's employment in direct violation of West Virginia public policy.

*Id.* at 48.

Plaintiff filed his Complaint in this Court on July 7, 2023, asserting three causes of action: (I) deliberate intent pursuant to W. Va. Code § 23-4-2; (II) wrongful termination in violation of

West Virginia public policy; and (III) negligence. Defendant SWVA's Motion challenges only Count II of Plaintiff's Complaint.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the facts alleged in the complaint need not be probable, the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court accepts all factual allegations in the complaint as true. *Id.* Still, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). Nonetheless, a plaintiff need not show that success is probable to withstand a motion to dismiss. *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.").

## ANALYSIS

West Virginia's common law recognizes that "[t]he rule that an employer has an absolute right to discharge an at will employee must be tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge." Syl. *Harless v. First Nat'l Bank in Fairmont*, 246 S.E.2d 270, 271 (W. Va. 1978).

The Supreme Court of Appeals of West Virginia has provided four elements necessary to state a claim for wrongful discharge in contravention of substantial public policy:

> (1) That a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element);
>
> (2) That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element);
>
> (3) That plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element);
>
> (4) The employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

*Herbert J. Thomas Mem'l Hosp. Ass'n v. Nutter*, 795 S.E.2d 530, 541 (W. Va. 2016) (citations omitted) (italicization in original) (providing these factors as a summary of the four factors announced by Justice Davis in *Feliciano v. 7-Eleven, Inc.*, 559 S.E.2d 713 (W. Va. 2001)).

For the purposes of the pending motion, SWVA argues only that Plaintiff has failed to plead sufficient facts to support the causation element of the common law wrongful termination claim in Count II of the Complaint. Mem. of Law 3–4, ECF No. 10. The Court agrees.

As noted by SWVA, the majority of the factual allegations in Plaintiff's Complaint relate to the injury Plaintiff received at work. *See* Compl. ¶¶ 15–46. There are only two factual allegations in the Complaint that specifically relate to Plaintiff's alleged wrongful termination:

> 47. Following his injuries, Mr. Palmer availed himself of the West Virginia Workers' Compensation system[; and]
>
> 48. On or about February 21, 2023, and as a result of Mr. Palmer availing himself of his rights under the West Virginia Workers' Compensation system. Defendant Steel of West Virginia, Inc. terminated Mr. Palmer's employment in direct violation of West Virginia public policy.

Compl. ¶¶ 47–48.

Plaintiff's proffer that he was fired "as a result of" availing himself of his rights, *see id.* at ¶ 48, is nothing more than a legal conclusion, *see Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation") (internal citations omitted)).

Factually, all the Court can glean regarding Plaintiff's wrongful termination claim is (1) at some undisclosed time after being injured at work on July 8, 2021, Plaintiff filed a workers' compensation claim, and (2) he was fired on February 21, 2023. These limited facts do not allow the Court to draw the reasonable inference that SWVA's termination of the Plaintiff was motivated by his filing of a workers' compensation claim.

Plaintiff does not, for example, provide dates showing that Plaintiff's availment of the state's workers' compensation system was temporally linked to his termination nor does he allege that Defendant SWVA (or its agents) made statements regarding Plaintiff's filing of a workers' compensation claim, made threats to its employees about use of the workers' compensation system, or provided some demonstrably false reason for his termination.

At bottom, without some additional facts to support the causation element of Plaintiff's wrongful discharge claim, Count II of the Complaint must be dismissed.

**CONCLUSION**

Accordingly, for the foregoing reasons, the Court **ORDERS** that SWVA's motion for partial dismissal (ECF No. 9) is **GRANTED** and that Count II of Plaintiff's Complaint is **DISMISSED without prejudice**.[1]

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   January 16, 2024

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] Footnote 2 of Plaintiff's response brief states "[t]o the extent the Court is inclined to grant SWVA's Motion to Dismiss, any relief should be granted without prejudice and Mr. Palmer afforded an opportunity to cure any perceived pleading defect in Count II." The Court will address a any motion for leave to amend if and when it is filed.