IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES PALMER,

          Plaintiff,

v.　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 3:23-0474

STEEL OF WEST VIRGINIA, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Steel of West Virginia, Inc.'s Motion for Summary Judgment. ECF No. 98. Plaintiff Charles Palmer opposes Defendant's motion only as it pertains to Count I. For the following reasons, the Court **DENIES** the motion in part and **GRANTS** in part.

**I.　　BACKGROUND**

Plaintiff was employed as an electrician by Defendant SWVA, Inc. d/b/a/ Steel of West Virginia, Inc. ("SWVA") between 2017–2021. On July 8, 2021, at SWVA's Number 2 Mill on a "down day" when the operation was paused to do repairs, Plaintiff was rewiring an electrical motor with co-worker, James Napier, as assigned by supervisor, Dallas Tibbs. During the job, Plaintiff went to retrieve a replacement part and fell after tripping in an allegedly hazardous area of the plant.

Plaintiff filed suit on July 7, 2023, asserting three causes of action: (I) deliberate intent pursuant to West Virginia Code § 23-4-2; (II) wrongful termination in violation of West Virginia public policy; and (III) negligence. Defendant moves for summary judgment on the remaining

Counts I and II.[1] Plaintiff does not oppose Defendant's motion as it relates to Count II. *Pl.'s Resp. in Opp. to Def.'s Mem. in Supp. of Summ. J.* 17, ECF No. 100.

## II. STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Id.* at 249. Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor[.]" *Anderson*, 477 U.S. at 256.

## III. ANALYSIS

An employer maintaining workers' compensation insurance is generally immune from liability at common law or by statute. W. Va. Code § 23-2-6. However, there is a legislative standard for loss of employer immunity from civil liability for work-related injuries under West Virginia Code § 23-4-2(d)(2)(B) if "deliberate intention" is shown.

---

[1] After the Court dismissed Count II without prejudice, Plaintiff filed an amended complaint (ECF No. 37) reasserting Count II. *Mem. Op. and Order*, ECF No. 28; *Pl.'s Mot. for Leave to Amend Compl.*, ECF No. 30, at 1. On September 4, 2024, the Court granted the agreed-upon and unopposed dismissal of an initially named co-defendant and the corresponding asserted Count III of negligence. *Partial Order of Dismissal* 1, ECF No. 71.

An employer's deliberate intent is established by a plaintiff proving each element of the five-part test that follows:

i. That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
ii. That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition.
iii. That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer.
iv. That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, the person or persons alleged to have actual knowledge under subparagraph (ii) nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
v. That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(B)(i)-(v)(2015). Plaintiff must make a showing that there is a dispute of material fact on each of the five elements to withstand summary judgment. *See* W. Va. Code § 23-4-2(D)(2)(C)(iii).

Defendant argues Plaintiff has failed to establish genuine dispute of material fact as to the first four elements. *Def.'s Mem. in Supp. of Summ. J.*, ECF No. 99; *Pl.'s Resp. in Opp. to Def.'s Mem. in Supp. of Summ. J.* 16 n.19. The Court now examines the elements at issue in turn.

### A. Unsafe Working Condition

There is a genuine dispute of material fact surrounding the existence of a specific unsafe working condition presenting a high degree of risk and strong probability of serious injury or death. Plaintiff identified a collection of circumstances on an uneven walkway as the unsafe working condition and provides supportive documentation and testimony including deposition testimony

of an expert witness' risk assessment and co-workers' descriptions of the area. *Pl.'s Resp. in Opp. to Def.'s Mem. in Supp. of Summ. J.* 9–10.

### B. Actual Knowledge

There is a genuine dispute of material fact as to Defendant's actual knowledge of the existence of the specific unsafe working condition, high degree of risk, and strong probability of serious injury or death presented by the condition. Plaintiff brings the element into dispute with deposition testimony alleging that the hazardous nature of the maintenance walkway was common knowledge that was known to the employer, that employees were warned of the walkway with yellow paint, that Plaintiff was told to "watch out" for the area when onboarded by Supervisor Tibbs, and that insufficient preventative action had been previously taken. *Id.* at 3, 11, 16; Dallas Tibbs Dep. 29:1-13, 64:2-11, *Pl.'s Ex. 4,* ECF No. 100-1, at 58, 67.

### C. Violation of Safety Statute, Rule, Regulation or Industry Standard

In order to satisfy this element, West Virginia Code § 23-4-2(d)(2)(B)(iii) indicates:

> (II) If the specific unsafe working condition relates to a violation of a state or federal safety statute, rule or regulation that statute, rule or regulation:
> (a) Must be specifically applicable to the work and working condition involved as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
> (b) Must be intended to address the specific hazard(s) presented by the alleged specific unsafe working condition; and,
> (c) The applicability of any such state or federal safety statute, rule or regulation is a matter of law for judicial determination.

Plaintiff alleges Defendant violated the following portions of 29 C.F.R. 1910.22:

> (a) Surface conditions. The employer must ensure:
> (1) All places of employment, passageways, storerooms, service rooms, and walking-working surfaces are kept in a clean, orderly, and sanitary condition.
> (2) The floor of each workroom is maintained in a clean and, to the extent feasible, in a dry condition. When wet processes are used, drainage must be maintained and, to the extent feasible, dry standing places, such as false floors, platforms, and mats must be provided.

> (3) Walking-working surfaces are maintained free of hazards such as sharp or protruding objects, loose boards, corrosion, leaks, spills, snow, and ice.
>
> (d) Inspection, maintenance, and repair. The employer must ensure:
> (1) Walking-working surfaces are inspected, regularly and as necessary, and maintained in a safe condition;
> (2) Hazardous conditions on walking-working surfaces are corrected or repaired before an employee uses the walking-working surface again. If the correction or repair cannot be made immediately, the hazard must be guarded to prevent employees from using the walking-working surface until the hazard is corrected or repaired; and
> (3) When any correction or repair involves the structural integrity of the walking-working surface, a qualified person performs or supervises the correction or repair.

29 C.F.R. 1910.22(a)(d). Plaintiff has provided evidence in the form of deposition testimony of an expert witness asserting that the regulation applies to the industry and area at issue. *Pl.'s Resp. in Opp. to Def.'s Mem. in Supp. of Summ. J.* 14. While the Fourth Circuit Court of Appeals in 1998 indicated 29 C.F.R. 1910.22 was insufficient to establish this element of deliberate intention and this Court in 2008 mentioned it may be insufficient, the regulation was significantly altered in 2016 adding an affirmative duty to correct and repair hazardous conditions on walking-working surfaces.[2] *Bennett v. Kroger Co.*, No. 97-1938, 1998 WL 398823 (4th Cir. June 15, 1998) (per curiam) (unpublished opinion); *Courtney v. BFS Retail & Commer. Operations, LLC.*, No. 3:07-0474, 2008 WL 2787718 (S.D. W. Va. July 16, 2008).

Defendant argues the 2016 version remains too general in nature to satisfy this element, as general safety rules do not suffice. *Def.'s Mem. in Supp. of Summ. J.* 12; W. Va. Code § 23-4-2(d)(2)(B)(iii)(II)(a); *See Bowden v. Frito-Lay, Inc.*, Civ. A. No. 5:09–cv–00914, 2010 WL 3835222, at **2–3, *8 (S.D. W. Va. Sept. 28, 2010) (finding, in part, that a general prohibition of the operation of vehicles in an unsafe condition and a tire tread standard regulation both failed to satisfy the element); *Greene v. Carolina Freight Carrier*, 663 F.Supp. 112, 113 (S.D. W. Va. 1987)

---

[2] *See* 29 C.F.R. 1910.22 (1974) (previous version).

(finding a requirement that "[p]arts and accessories shall be in safe and proper operation condition at all times" failed to satisfy the element).

The Court finds Plaintiff has provided sufficient evidence disputing the asserted general nature of the regulation, citing precedent establishing that a regulation is "proper foundation for the element of deliberate intent" when it imposes a duty on the employer that applies to the specific type of work at issue. *McComas v. ACF Industries, LLC*, 750 S.E.2d 235, 240–41 (W. Va. 2013), (finding the imposition of a specific identifiable duty on the employer to inspect an electrical box prior to an incident satisfied the element) (citing *Ryan v. Clonch Industries, Inc.*, 639 S.E.2d 756, 765 (W. Va. 2006) (*superseded by statute on other grounds*) (finding the regulation that "the employer shall assess the workplace [for] hazards" and determine the need for protective equipment satisfied the element)).

The regulation Plaintiff invokes imposes a duty to regularly inspect, correct, and repair or guard against hazardous conditions on walking-working surfaces. The Court finds this regulation can be reasonably found to impose a duty on the employer and apply to the specific type of work at issue resulting in sufficient specificity to bring this element into dispute.

### D. Intentional Exposure

There is a genuine dispute of material fact as to whether Plaintiff was intentionally exposed to a specific unsafe working condition. Plaintiff alleges, with deposition testimony in support, that Supervisor Tibbs warned Plaintiff of hazards associated with the walkway and then assigned him a task in the same area. *Pl.'s Resp. in Opp. to Def.'s Mem. in Supp. of Summ. J.* 16; Tibbs Dep. 29:1-13. Further, it is undisputed that management, including Supervisor Tibbs, was aware that the area was used as a maintenance walkway on down days. Tibbs Dep. 64:2-11.

The Court must view the evidence in the light most favorable to Plaintiff. Having done so, Plaintiff has presented evidence creating a genuine dispute of material fact of the deliberate intention elements at issue.

## IV.     CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion for Summary Judgment as to Plaintiff's deliberate intent claim under West Virginia Code § 23-4-2. ECF No. 98. The Court **GRANTS** Defendant's unopposed motion as to Count II. Count II is **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to all counsel of record and any unrepresented parties.

ENTER:     October 24, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE