**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CHARLES PALMER,

        Plaintiff,

v.                                          CIVIL ACTION NO. 3:23-0474

STEEL OF WEST VIRGINIA, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion in Limine to Exclude Evidence of Subsequent Remedial Measures Following Palmer's Accident (ECF 111, Def.'s Mot.). For the reasons stated below, the Court **DENIES** the Motion **without prejudice**.

**BACKGROUND**

Plaintiff filed this deliberate-intent action after he fell in an allegedly hazardous area of the steel plant where he worked. *See* ECF 142, at 1. After the accident, Defendant took steps to make the area safer. Def.'s Mot. 1. Defendant's Motion asks the Court to preclude Plaintiff from introducing evidence of these remedial measures during trial. *See id.* at 4. Defendant argues such evidence is inadmissible under Federal Rules of Evidence 401, 403, and 407. *See id.* at 2–3.

In response, Plaintiff argues "[t]he wholesale exclusion of an entire category of evidence at this juncture is improper." ECF 124, Pl.'s Resp. 1. As he points out, the admissibility of evidence of subsequent remedial measures "depends on the context and method by which Plaintiff seeks to introduce it." *Id.* (quoting *Sutphin v. Ethicon, Inc.*, CIV. A. NO. 2:14-cv-01379, 2020 WL 5079170, at *6 (S.D. W. Va. Aug. 27, 2020)).

**LEGAL STANDARD**

Evidence must be relevant to be admissible. *See* Fed. R. Evid. 402. Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

A court, however, "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In addition, "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove . . . . culpable conduct . . . ." Fed. R. Evid. 407. "But [a] court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." *Id.*

**ANALYSIS**

**A.  Evidence of Subsequent Remedial Measures Is Relevant**

Defendant argues evidence of steps it took after Plaintiff's accident is irrelevant to Plaintiff's deliberate-intent claim. *See* Def.'s Mot. 3. The Court disagrees. One of the elements of deliberate intent in West Virginia is "[t]hat a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death." W. Va. Code. § 23-4-2(d)(2)(B)(i) (2023). Defendant's decision to make the area where Plaintiff fell safer makes it more probable that, at the time of the accident, the area "presented a high degree of risk and a strong probability of serious injury or death."

**B. The Court Cannot Make a Rule 403 Determination at This Juncture**

Defendant argues that, "[e]ven if there were limited relevance to the subsequent remedial measures, any such minimal relevance would be substantially outweighed by the danger of unfair prejudice, confusion of issues, and the potential of misleading the jury and thus should be excluded under Federal Rule of Evidence 403." Def.'s Mot. 3.

"Applying Rule 403 to determine if evidence is prejudicial . . . requires a fact-intensive, context-specific inquiry." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 338 (2008). Since the Court, at this point, does not know how, for what purpose, and in what context Plaintiff will offer evidence of subsequent remedial measures at trial, the Court cannot properly balance the probative value of this evidence against the risk of unfair prejudice, confusion, or misleading the jury.

**C. Evidence of Subsequent Remedial Measures May Not Violate Rule 407**

Both parties agree that Plaintiff cannot introduce evidence of subsequent remedial measures to show that Defendant engaged in culpable conduct. *See* Def.'s Mot. 2; Pl.'s Resp. 1. Plaintiff, however, suggests he may use such evidence for "another purpose," Pl.'s Resp. 2, which is expressly permitted by Rule 407.

Defendant argues "[e]vidence related to . . . subsequent remedial measures does not fall into any exclusion from 407 because there is no dispute over ownership, control or feasibility of these precautionary measures and no other exception applies." Def.'s Mot. 2. Defendant, however, does not explain how it knows "no other exception applies," *id.* Even if "there is no dispute over feasibility, control or ownership," *id.* at 3, it is entirely possible that Plaintiff could impeach a witness with evidence of subsequent remedial measures. If a defense witness testifies that the area

where Plaintiff fell was safe at the time, evidence of subsequent remedial measures may well be admissible for impeachment purposes.

## CONCLUSION

The Court **DENIES** Defendant's Motion in Limine to Exclude Evidence of Subsequent Remedial Measures Following Palmer's Accident (ECF 111) **without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        April 17, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE