**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CHARLES PALMER,

        Plaintiff,

v.                                    CIVIL ACTION NO. 3:23-0474

STEEL OF WEST VIRGINIA, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Bifurcate Workers' Compensation Setoff (ECF 118, Pl.'s Mot.). For the reasons stated below, the Court **DENIES** the Motion.

**BACKGROUND**

Plaintiff filed this deliberate-intent action after he fell in an allegedly hazardous area of the steel plant where he worked. *See* ECF 142, at 1. West Virginia law provides that a deliberate-intent plaintiff may only recover the "excess of damages over the amount received or receivable" from workers' compensation. W. Va. Code § 23-4-2(c) (2023).

The present Motion asks the Court to (1) "bifurcat[e] the calculation of the workers' compensation benefit setoff against Plaintiff's damages from the issues of liability and damages, creating a two-phased, unitary trial," and (2) "prohibit[] Defendant . . ., its counsel and witnesses from offering or introducing testimonial and documentary evidence of, referring to, arguing about, or otherwise commenting or suggesting evidence of Plaintiff's receipt of workers' compensation payments, benefits and/or insurance." Pl.'s Mot. 1.

## ANALYSIS

Federal Rule of Civil Procedure 42(b) governs bifurcation: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." Plaintiffs argue bifurcation is justified in this case because (1) it "would promote the goals of convenience and judicial economy," Pl.'s Mot. § 5, (2) it would avoid "confusion and prejudice," *id.* § 13, and (3) evidence of insurance coverage is inadmissible under Federal Rules of Evidence 403 and 411, *see id.* §§ 14–15.[1]

The Court is unpersuaded. Plaintiff points out that bifurcation would save the jury from having to hear evidence on workers' compensation payments if the jury finds for Defendant on liability. *See id.* § 11. But Plaintiff has not adduced any evidence suggesting the calculation of the damages offset would be so complex as to justify bifurcation. Accordingly, the Court will not bifurcate on judicial-economy grounds.

Further, the Court does not agree bifurcation is necessary to prevent confusion or prejudice. A jury can understand the nature of workers' compensation and its relationship to the present action. *See Looney v. Appalachian Power Co.*, CIV. A. NO. 3:24-0467, 2026 WL 893182, at *1 (S.D. W. Va. Apr. 1, 2026). Evidence of workers' compensation payments is unlikely to "creat[e] the illusion that [Plaintiff] has already been fully compensated for his injuries." Pl.'s Mot. § 16; *Looney*, 2026 WL 893182, at *1.

Finally, workers' compensation evidence is admissible. *Looney*, 2026 WL 893182, at *1. Federal Rule of Evidence 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise

---

[1] The parties argue at length about whether West Virginia law precludes bifurcation altogether in deliberate-intent cases. *See* ECF 127, at 1–7; ECF 136, at 1–2. But since state law does not govern a federal court's decision to bifurcate issues in a diversity action, *see Plyer v. Cox*, 145 F.4th 501, 513 (4th Cir. 2025), the Court need not address these arguments.

wrongfully." Even if workers' compensation could be considered insurance "against liability," it will not be introduced "to prove whether [Plaintiff] acted negligently or otherwise wrongfully." Nor is Rule 403 a bar to admission. *Id.* Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Since workers' compensation evidence will be necessary to calculate Plaintiffs' damages award, *see* Syl. pt. 1, *Mooney v. E. Associated Coal Corp.*, 326 S.E.2d 427 (W. Va. 1984), such evidence is highly probative. *Looney*, 2026 WL 893182, at *1. Its probative value is not substantially outweighed by any of the dangers enumerated in Rule 403. *Id.*

### CONCLUSION

The Court **DENIES** Plaintiff's Motion to Bifurcate Workers' Compensation Setoff (ECF 118).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        April 17, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE