IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

CHARLES PALMER,

              Plaintiff,

v.                                    CIVIL ACTION NO. 3:23-0474

STEEL OF WEST VIRGINIA, INC.,

              Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Exclude Expert Opinion Testimony of Michael Gui Mariscalco, PE, LEED, AP, CFEI. ECF No. 115 ("*Pl.'s Mot.*"). For the following reasons, the Court **DENIES** Plaintiff's Motion.

Plaintiff filed this deliberate-intent action after he fell in an allegedly hazardous area of the steel plant where he worked. *See* ECF 142, at 1. Plaintiff now seeks to exclude opinion testimony from Defendant's expert witness, Mr. Mariscalco.

**LEGAL STANDARD**

Federal Rule of Evidence 702 "imposes a special gatekeeping obligation on the trial judge to ensure that an opinion offered by an expert is reliable." *Nease v. Ford Motor Co.*, 848 F.3d 219, 230 (4th Cir. 2017) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under this rule, the "District Court has wide discretion in its determination to admit and exclude evidence, and this is particularly true in the case of expert testimony." *U.S. v. Gastiaburo*, 16 F.3d 582, 589 (4th Cir. 1994) (citing *Hamling v. U.S.*, 418 U.S. 87, 108 (1974)).

## ANALYSIS

Plaintiff asks the Court to preclude Defendant's expert witness, Michael Gui Mariscalco, from testifying, arguing his opinions were "derived, by his own admission, from making improper credibility determinations, thereby usurping the role of the fact finder at trial and rendering his opinions inadmissible." *Pl.'s Mot.* 1. While Plaintiff specifically states that he is not challenging Mr. Mariscalco's "qualifications to opine at trial," he argues that because Mr. Mariscalco's opinions "rest upon credibility determinations, he as an expert, made . . . not one, not some, but all of them – must be excluded." *Pl.'s Reply* 2, ECF No. 137.

Expert testimony assessing a witness' credibility is usually inadmissible because credibility is a determination for the jury to make. *U.S. v. Lespier*, 725 F.3d 437, 449 (4th Cir. 2013) (citing *United States v. Dorsey*, 45 F.3d 809, 815 (4th Cir. 1995)); *U.S. v. Cecil*, 836 F.2d 1431, 1441 (4th Cir. 1988).

In support, Plaintiff provides Mr. Mariscalco's deposition testimony stating the following:

Q. Now, I've read your report and it's pretty extensive. Are you making credibility determinations in this case?
A. What do you mean by credibility determinations?
Q. Sure. Are you placing higher value on one person's version of the facts over another?
A. I don't know that I'm placing one person's version. I'm placing -- I'm placing my interpretation or my understanding of the facts as I've reviewed them, the perspective that I think needs to be attached in the incident.

Q. So you're not, for instance, discounting testimony -- sworn testimony given by, say, Charlie Palmer?

A. I can discount some of it, yes. It would not be unusual for plaintiffs to be hyperbolic about certain things. I've been involved in enough of these to know that.

Q. So in forming your opinions in this case, did you discount certain testimony from Charlie Palmer?

A. The testimony that I've discounted are highlighted in my report. I don't believe that his description of the surroundings and how we entered the working area comported with the other testimony and the facts in the case. And that's what I attempted to add some clarity to.

Q. So in that circumstance, are you not making a credibility determination?

A. I suppose you could call it a credibility determination.

*              *              *

Q. Well, grant it, you may not have set out to make credibility determinations, but incident to forming your opinions in this case due to the fact that you discounted some of Mr. Palmer's sworn testimony, you're making credibility determinations, are you not?

MR. GOULD: Object to form.

A. I believe the outcome is a credibility determination.

*Pl.'s Mot.* 2–3 (citing *Mariscalco Dep.*, Pl.'s Ex. 2, ECF No. 115-2, at 22:18-23:23, 25:6-13). Just before the second portion of deposition testimony quoted by Plaintiff, Mr. Mariscalco stated, "[i]f they involve . . . an interpretation of a lack of credibility on the part of Mr. Palmer, then I will secede that that is the case, but I didn't set out to make credibility determinations." *Mariscalco Dep.* 25:1-5.

Plaintiff also cites the following portion of Mr. Mariscalco's deposition testimony:

Q. Well, there's language, I believe, in your report that Palmer was aware of the trip hazard?

A. Well, yeah, for sure.

Q. All right. You're familiar with his testimony that he didn't see the hose?

A. I'm familiar with it.

Q. What['s] that[]?

A. I'm familiar with it.

Q. Are you discounting that?

A. Yes.

Q. So you're making a credibility determination?

A. Correct.

Q. I mean, are you saying he lied under oath?

-3-

MR. GOULD: Object to form.

Q. That's about as blunt as I can ask it. I mean, are you saying the guy lied under oath?

A. That's not impossible.

Q. Is what you're going to say at trial?

A. If I get asked that question, I might. Or put more delicately, maybe perhaps misremembered what he actually thought he saw.

Q. Because I guess I'm a little confused as to what your role is going to be at trial because, I mean, you've been to -- you've testified at five trials before in federal court, right?

A. Correct.

Q. And, generally speaking, it's up to the jury as the finder of fact to make credibility determinations?

A. Correct.

Q. Yet you're going to show up at trial and offer opinions that involve making credibility determinations?

MR. GOULD: Object to form.

A. I'm going to give my -- I'm going to give my opinion.

Q. And that opinion involves credibility determinations, right?

A. It could. It could well, yes.

*Pl.'s Mot.* 2–3 (citing *Mariscalco Dep.* 110:7-111:22). The quoted deposition testimony reflects that Mr. Mariscalco does not find Mr. Palmer credible based on his analysis of the circumstances. The Court agrees that testimony from Mr. Mariscalco about Mr. Palmer's credibility or truthfulness would be inadmissible. However, Defendant states it does not intend to elicit testimony from Mr. Mariscalco about general credibility assessments of Plaintiff's testimony or whether he believes Plaintiff saw the hose prior to his fall. *Def.'s Resp.* 1, ECF No. 132.

The Court does not find that the other opinion testimony of Mr. Mariscalco is excludable at this point. Defendant argues Mr. Mariscalco "rendered several opinions in this case unrelated to Plaintiff's testimony and which are based upon the facts of the case and his specialized experience and knowledge." *Def.'s Resp.* 2. In reply, Plaintiff expressly states that the motion "does not challenge Mr. Mariscalco's qualifications to opine at trial." *Pl.'s Reply* 1. Defendant explains that Mr. Mariscalco rendered expert opinions unrelated to Plaintiff's testimony, which are based upon his decades of experience in engineering, construction, maintenance, and related safety

requirements. *Def.'s Resp.* 2 (citing *Mariscalco Expert Report*, Pl.'s Ex. 1, ECF No. 115-1). Further, Defendant argues such opinions, which are not addressed by Plaintiff's motion, are "grounded in facts including, among others, SWVA safety protocols and safety training, the lack of any similar injuries or accidents in the area where Plaintiff fell, as well as pre-work inspection of the area conducted by SWVA management." *Def.'s Resp.* 2. Such opinions, if compliant with Federal Rule of Evidence 702, may be admissible.

Accordingly, the Court will deny Plaintiff's motion.

## CONCLUSION

The Court **DENIES without prejudice** Plaintiff's Motion to Exclude Expert Opinion Testimony of Michael Gui Mariscalco, PE, LEED, AP, CFEI. ECF No. 115.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        April 17, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE