**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CHARLES PALMER,

      Plaintiff,

v.                                 CIVIL ACTION NO. 3:23-0474

STEEL OF WEST VIRGINIA, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Exclude Expert Opinion Testimony from Experts Not Disclosed in Accordance with the Court's Amended Scheduling Order. ECF No. 117 ("Pl.'s Mot."). For the following reasons, the Court **DENIES** Plaintiff's Motion.

**BACKGROUND**

Plaintiff filed this deliberate-intent action after he fell in an allegedly hazardous area of the steel plant where he worked. *See* ECF 142, at 1. West Virginia law provides that a deliberate-intent plaintiff may only recover the "excess of damages over the amount received or receivable" from workers' compensation. W. Va. Code § 23-4-2(c) (2023). Testimony Defendant intends to admit relating to the determination of excess damages is at issue.

**LEGAL STANDARD**

Under Federal Rule of Evidence 701, lay witness testimony in the form of an opinion must be rationally based on the witness's perception, helpful to clearly understanding the witness's testimony or to determining a fact in issue, and cannot be based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. Fed. R. Evid. 701.

**ANALYSIS**

Plaintiff asks the Court to exclude "opinion testimony from any and all expert witnesses – retained and non-specially retained – that Steel of West Virginia, Inc. intends to call at trial, but who were not appropriately disclosed during discovery." *Pl.'s Mot.* 1, ECF No. 117. More specifically, Plaintiff seeks the exclusion of testimony regarding "complex financial data" surrounding compensation benefits from Defendant's Labor Relations and Benefits Coordinator Ms. Gross, who, along with Defendant's workers' compensation carrier, Sedgwick, is responsible for handling Defendant's workers' compensation claims. *Pl.'s Mot.* 2; *Def.'s Resp.* 3, ECF No. 126; *Pl.'s Reply* 3, ECF No. 135. In reply, Plaintiff also seeks the exclusion of the at-issue August 20, 2025, Spreadsheet of Indemnity and Benefits paid to Plaintiff. *Pl.'s Reply* 3; *Spreadsheet of Indemnity and Benefits*, Pl.'s Ex. 3, ECF No. 117-3).

The Court will briefly address the document itself. The spreadsheet was seemingly generated on August 20, 2025, by "rweaver" and includes data on Plaintiff's various benefits. *Spreadsheet of Indemnity and Benefits*. Plaintiff argues that Defendant included the spreadsheet as an exhibit in its Rule 26(a)(3) Pretrial Disclosures, yet the author, manner of creation, source of the data, accuracy, and meaning of the data are all unknown, and Ms. Gross did not create it. *Pl.'s Reply* 1. Additionally, Plaintiff unconvincingly argues that Defendant's counsel provided the document to Plaintiff the day discovery closed, a month after the document was created, to prevent Plaintiff from obtaining discovery on the underlying information. *Id.* Defendant counters that Ms. Gross has personal knowledge regarding the subject matter, has access to SWVA's business records and is testifying to facts of which she is personally aware and informed. *Def.'s Resp.* 2. As Plaintiff did not seek exclusion of the document until his reply, Defendant did not address any concerns of authenticity. As such, even assuming that Ms. Gross were unable to authenticate the

document, the Court would not exclude the document for lack of authentication if Defendant provides an alternative basis for authentication.

Defendant intends to have Ms. Gross testify to "(1) whether SWVA was in good standing with the West Virginia Workers' Compensation System as of the date of Plaintiff's accident; (2) that SWVA is self-insured and that monies paid out in workers' compensation benefits are paid directly by SWVA; and (3) the total amount of workers' compensation benefits that have been paid out on behalf of plaintiff in the form of indemnity (disability) payments and medical benefits." *Def.'s Resp.* 2.

Plaintiff argues Ms. Gross' testimony is not lay witness testimony, as lay witness testimony must be based upon one's own knowledge and perception. *Pl.'s Reply* 1 (citing Fed. R. Evid. 701). Rather, Plaintiff characterizes the testimony as Ms. Gross' "interpretation (that is, her opinion) of a highly complex spreadsheet that she did not create." *Id.* at 1 (emphasis omitted). Plaintiff argues that Ms. Gross, "at best, can offer her opinion of the meaning of the context" of the spreadsheet, rendering her testimony within the purview of Federal Rule of Evidence 703, expert testimony. *Id.* at 2. More convincing is Defendant's assertion that the testimony is not truly "highly complex." *Def.'s Resp.* 3–4. The document contains subtotal amounts expended for indemnity, medical, expenses, and a total, followed by a further breakdown of expenses within more specified categories. *See Spreadsheet of Indemnity and Benefits*. Defendant states that Ms. Gross' testimony will include the total amounts paid in the form of indemnity and medical – these amounts are clearly stated and do not require interpretation.

Additionally, Plaintiff argues that Defendant's conduct in another case before this court, *Romans v. SWVA, Inc. d/b/a Steel of WV. Inc.*, No. 3:24-cv-00301 (S.D. W. Va.), suggests Defendant admits an expert witness must testify to this type of information. *Id.* at 2–3 (referencing

*Spreadsheet of Indemnity and Benefits*). Defendant reasonably distinguishes its actions in the *Romans* case from the present circumstance. In *Romans*, a claims examiner was offering her opinion that worker's compensation would cover future prosthetic device needs. Here, the finances in question are previous expenditures of certain amounts that have already been calculated.

Accordingly, the Court will deny Plaintiff's Motion.

## CONCLUSION

The Court **DENIES** Plaintiff's Motion to Exclude Expert Opinion Testimony from Experts Not Disclosed in Accordance with the Court's Amended Scheduling Order. ECF No. 117.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:    April 17, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE