IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

CHARLES PALMER,

        Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:23-0474

STEEL OF WEST VIRGINIA, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Steel of West Virginia, Inc.'s Motion for Comparative Fault Jury Instruction and Application of Comparative Fault to the Jury Form (ECF 107, Def.'s Mot.). The Motion asks the Court to "provide a jury instruction on comparative fault" and "provide a comparative fault allocation on the jury form to enable the jury to assign fault, if any, to the respective parties." Def.'s Mot. 1.

Plaintiff Charles Palmer argues the Court should deny the Motion for two reasons: (1) West Virginia's comparative-fault statute does not apply to deliberate-intent actions, *see* ECF 120, Pl.'s Resp. 1, and (2) Defendant "did not plead comparative fault as an affirmative defense in its Answer to Plaintiff's original or Amended Complaints and has waived this defense at trial," *id.* (internal citation omitted).

The Court disagrees with Plaintiff's first argument. West Virginia's comparative-fault statute provides:

> In any action based on tort or any other legal theory seeking damages for personal injury, . . . recovery shall be predicated upon principles of comparative fault and the liability of each person, including plaintiffs, who proximately caused the

> damages, shall be allocated to each applicable person in direct proportion to that person's percentage of fault.

W. Va. Code § 55-7-13a(b). A plaintiff's fault may bar recovery completely where it "is greater than the combined fault of all other persons responsible for the total amount of damages . . . ." *Id.* § 55-7-13c(c). The statute expressly applies to deliberate-intent actions; § 55-7-13b confirms that the word "fault" in § 55-7-13a encompasses "an act or omission of a person, which is a proximate cause of liability under section two, article four, chapter twenty-three of this code . . . ." *See Looney v. Appalachian Power Co.*, CIV. A. NO. 3:24-0467, 2026 WL 893182, at *2 (S.D. W. Va. Apr. 1, 2026).

> Plaintiff argues this cannot be reconciled with other statutory language:

> It is declared that enactment of this chapter and the establishment of the workers' compensation system in this chapter was and is intended to remove from the common law tort system all disputes between or among employers and employees regarding the compensation to be received for injury or death to an employee except as expressly provided in this chapter and to establish a system which compensates even though the injury or death of an employee may be caused by his or her own fault or the fault of a co-employee . . . .

*Id.* § 23-4-2(d)(1); *see* Pl.'s Resp. 2. Plaintiff reads this language as saying West Virginia's deliberate-intent cause of action is meant to compensate employees regardless of their fault. The Court, however, interprets this language as discussing the workers' compensation system writ large, not the deliberate-intent cause of action in particular. So understood, the deliberate-intent and comparative-fault statutes are not at odds. *See Barber v. Camden Clark Mem'l Hosp. Corp.*, 815 S.E.2d 474, 481 (W. Va. 2018) ("Even 'where two statutes are in apparent conflict, [a] [c]ourt must, if reasonably possible, construe such statutes so as to give effect to each.'" (quoting Syl. pt. 4, *State ex rel. Graney v. Sims*, 105 S.E.2d 886 (1958))).[1]

---

[1] Plaintiff's Response moves the Court to certify the question of whether West Virginia's comparative-fault scheme applies to deliberate-intent actions to the Supreme Court of Appeals of West Virginia. *See* Pl.'s Resp. 4–5. Since the comparative-fault statute expressly states that it applies to deliberate-intent actions, the Court denies the Motion.

The Court also disagrees that Defendant failed to plead a comparative-fault defense in its answer. During a hearing, Defendant asserted it effectively pled comparative fault through the following enumerated defenses: (1) "any alleged unsafe working condition was created by the conduct of the Plaintiff himself," ECF 43, at 13, (2) "Plaintiff failed to follow and/or obey any warnings and/or instructions given by [Defendant] or by a fellow employee," *id.* at 14, (3) "the hazards, of which Plaintiff complains, if any, were open and obvious to Plaintiff and he intentionally exposed himself to them," *id.*, and (4) Plaintiff "assumed the risk by voluntarily exposing himself to a hazard with full knowledge and appreciation of its existence, *id.*

The first defense—that Plaintiff himself created the unsafe working condition—speaks to Plaintiff's burden to establish causation, *see* W. Va. Code § 23-4-2(d)(2)(B)(v), not comparative fault. But the other three defenses should have put Plaintiff on notice that Defendant would raise a comparative-fault defense. The Supreme Court of Appeals of West Virginia has held that the assumption of risk is "an aspect of comparative fault . . . ." *Tug Valley Pharmacy, LLC vs. All Plaintiffs Below in Mingo Cnty.*, 773 S.E. 2d 627, 635 (W. Va. 2015). Accordingly, pleading an assumption-of-the-risk defense is the functional equivalent of pleading a comparative-fault defense.

The Court **GRANTS** Defendant's Motion for Comparative Fault Jury Instruction and Application of Comparative Fault to the Jury Form (ECF 107). The Court will instruct the jury on comparative fault and include a comparative-fault allocation on the jury form.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        April 21, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE